UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.                                Case No.  8:05-cv-1076-T-24-TBM

HKW TRADING LLC et al.,

     Defendants.
_____/

## <u>ORDER</u>

This cause comes before the Court for consideration of Receiver's Seventh Motion for

Order Awarding Fees, Costs, and Reimbursement of Costs to Receiver and His Professionals

("Receiver's Seventh Fee Application") (Doc. No. 143).

The Securities and Exchange Commission does not oppose the granting of the relief

sought.  However, on September 5, 2007, Claimants Paul Rampell and Doris Shaw, as co-

personal representatives of the Estate of Melvin B. Nessel, and Paul Rampell, as successor

trustee of the Melvin B. Nessel 1999 Trust (jointly, the "Nessel Defendants"), filed their

objection to the Receiver's Seventh Fee Application (Doc. No. 144).[1]  Their objection is not to

the amounts being claimed, but rather to the strategy being pursued by the Receiver.

Specifically, the Nessel Defendants object to the Receiver's strategy not to put the Receivership

Entities into bankruptcy.  On September 6, 2007, Claimants Vincent and Francine Dell (jointly,

the "Dell Defendants") joined in this objection (Doc. No. 145).  In addition to adopting the

---

[1]The Court notes that subsequent to filing their objection, the Nessel Defendants settled
their claims with the Receiver (Doc. No. 154).

Nessel Defendants' arguments as their own, the Dell Defendants also object to the Receiver's

Seventh Fee Application as it relates to the proof of claims process, which, the Dell Defendants

contend, was pursued prematurely. The Dell Defendants request that the Court postpone ruling

on the fee request until the Receiver offers a full report as to the effectiveness of his legal

strategy.

On September 8, 2007 and September 10, 2007, the Receiver responded to both

objections (Doc. Nos. 148 and 149, respectively). In his responses, the Receiver argues that the

objections raised by the Nessel Defendants and Dell Defendants have no merit and are merely an

aggressive defense tactic designed to impede efforts to recover money that was inequitably

distributed to them. As to the Dell Defendants' objection that the Receiver's Seventh Fee

Application is premature with respect to the fees included for pursuing the proof of claims

process, the Receiver responds that this objection is moot. The Dell Defendants made this same

argument earlier in the case, in their Motion for Clarification or Alternatively, to Vacate or

Modify January 30, 2007 Order (Doc. No. 115). In that motion, the Dell Defendants objected,

*inter alia*, that the proof of claims process was premature. The Court denied the motion (Doc.

No. 139). The Court declines the request that it postpone ruling on any fee requests until the

Receiver offers a report as to the effectiveness of his legal strategy.

Upon consideration of the Receiver's Seventh Fee Application and the objections thereto,

and upon this Court's independent examination of the file, it is determined that the Receiver's

Seventh Motion for Order Awarding Fees, Costs, and Reimbursement of costs to Receiver and

His Professionals (Doc. No. 143) is **GRANTED**. The Court awards the following sums and

directs that payment be made from the Receivership assets:

| Burton W. Wiand | $ 6,750.00 |
| Oscher Consulting | $ 112,229.01 |
| Fowler White Boggs Banker | $ 269,731.23 |
| Kirby Noonan Lance & Hoge | $ 924.37 |

**DONE AND ORDERED** at Tampa, Florida, this 19th day of November, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record