UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

HKW TRADING LLC, HOWARD
WAXENBERG TRADING L.L.C., and     Case No. 8:05-CV-1076-T-24TBM
DOWNING & ASSOCIATES TECHNICAL
ANALYSIS, n/k/a THE ESTATE OF
HOWARD WAXENBERG,

Defendants,
and

HKW TRADING FUND I LLC and THE
ESTATE OF HOWARD WAXENBERG,

_____ Relief Defendants. _____ /

## ORDER

This cause comes before the Court for consideration of the Receiver's Final
Accounting and Agreed Motion to (1) Authorize Final Distribution to Claimants; (2)
Approve Final Fees and Costs to the Receiver and His Professionals; (3) Close the
Receivership; (4) Discharge the Receiver; and (5) Authorize Destruction of Receivership
Records and Miscellaneous Property (the "Receiver's Final Accounting and Agreed
Motion") (Doc. _364_). The Securities and Exchange Commission (the "Commission") does not
oppose the granting of the relief sought.

Having considered the motion, and being otherwise fully advised, it is **ORDERED AND ADJUDGED** that the Receiver's Final Accounting and Agreed Motion (Doc. 364) is **GRANTED.** The Court hereby:

1.    Approves the Receiver's Final Report and Final Accounting;

2.    Authorizes the Receiver to pay estimated final fees and costs of $15,000 to complete the closing of the Receivership, to be paid from the remaining Receivership assets;

3.    Authorizes the Receiver to make a final distribution in the total amount of $274,146.69 plus interest accrued in March 2011 as set forth in the Receiver's Final Accounting and Agreed Motion and its exhibits;

4.    Allows the release of the Mellon Bank account to Zelda Waxenberg as requested in the Receiver's Final Accounting and Agreed Motion;

5.    Authorizes the Receiver to turn over to the Florida Department of Financial Services Bureau of Unclaimed Property those distributions to claimants which are not negotiated within sixty (60) days of the date of issuance of the check or are otherwise deemed void and any other surplus funds. As to those funds to be turned over to the Florida Department of Financial Services, to the extent possible the Receiver will remit those funds in the name of the party to whom the distributions were due so that those persons, or their heirs or successors, may claim those funds in the future;

6.    Authorizes the Receiver to retain the books and records necessary to support the tax returns filed by the Receiver for a period of four (4) years and thereafter destroy those books and records;

7.     Authorizes the Receiver to destroy, or otherwise dispose of, all books, records, computer equipment, other computer related-devices, and any other items related to the Receivership in the Receiver's discretion and at such time as he deems proper (other than those necessary to support the tax returns filed by the Receiver as set forth above) if within thirty (30) days after written notice to the Commission, the Commission does not take custody of such records and other items;

8.     Discharges the Receiver and his agents, employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors and assignees, and relieves the Receiver and his agents, employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors, and assignees of all duties, liabilities and responsibilities pertaining to the Receivership previously established in this action effective upon the Receiver filing a Closing Declaration in which he attests that he has completed the final distribution as specified herein and in the Receiver's Final Accounting and Agreed Motion, filed the final necessary tax returns, and paid the final fees and costs of the Receivership;

9.     Enjoins all persons from commencing or prosecuting, without leave of this Court, any action against the Receiver or his agents in connection with or arising out of the Receiver's or his agents' services to this Court in this Receivership;

10.     Retains jurisdiction for the purpose of enforcing the above injunctive relief; and

11.     Closes this Receivership without further order from this Court effective upon the Receiver filing a Closing Declaration in which he attests that he has completed the final

distribution as specified herein and in the Receiver's Final Accounting and Agreed Motion, filed the final necessary tax returns, and paid the final fees and costs of the Receivership.

12.      Directs the Clerk to **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of March, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record